Dallas SNIDER, Appellant,

v.

Judy Faye Snider HODGE, Respondent.

No. 12877.

Missouri Court of Appeals,
Southern District,
Division Three.

April 18, 1983.

Martin Mazzei, Woodward, Rohrer & Mazzei, P.C., Steelville, for appellant.

Jerry L. Wilkerson, Wilkerson & Seay, Salem, for respondent.

CROW, Presiding Judge.

A father appeals from a judgment denying his motion seeking custody of his son, born September 16, 1969.

The father and mother were divorced[1] from each other August 31, 1972; the mother was awarded custody of the son (the parties' only child).[2] The father was ordered to pay child support[3] and was awarded temporary custody and visitation rights. The father's rights were made more specific by order entered November 21, 1977, the mother remaining principal custodian. The motion whence this appeal came was filed July 13, 1981, and heard June 24, 1982. The trial court granted the father increased temporary custody and visitation rights, but denied the father's prayer for change of custody.

■ There was no request for findings of fact, Rule 73.01(a)(2),[4] and none were made, thus all facts are deemed found in accordance with the result reached. *N.K.M. v. L.E.M.*, 606 S.W.2d 179, 186[8] (Mo.App. 1980).

■ In obedience to Rule 73.01(c), we review the case upon both the law and the evidence, giving due regard to the opportunity of the trial court to have judged the credibility of witnesses. We find the judgment supported by substantial evidence, and not against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). No error of law appears and an opinion would have no precedential value. These circumstances being dispositive of

1. Ch. 452, RSMo 1969.

2. The parties subsequently acquired new spouses. A daughter was born to the mother and her new husband, and that marriage remains intact. The father's marriage to his new wife (Betty) was dissolved by decree entered May 11, 1976, in the Circuit Court of Shannon County, Missouri. On July 10, 1976, Betty gave birth to a son. The father admits paternity, but is under no support order. The father

pays no support, and has no contact with his and Betty's child, who now lives in a distant state.

3. The mother admitted the father had made all the support payments.

4. Rule references are to Missouri Rules of Civil Procedure.

this appeal, the judgment is affirmed in compliance with Rule 84.16(b).

GREENE, C.J., and FLANIGAN, MAUS and PREWITT, JJ., concur.